DUCKER, JUDGE:
The Circuit Courts of Putnam and McDowell Counties, West Virginia, respectively paid jury fees in the amounts of $18.00 in McDowell County and $762.00, including one witness fee in Putnam County, in their April and March 1973 terms of court respectively, and, according to custom, submitted in October 1973 to the respondent, vouchers or checks for said amounts requesting reimbursement for said expenditures. The respondent refused to make reimbursement because all funds budgeted for that purpose in the 1972-73 budget had been exhausted. Claimants here seek awards in the amounts of $18.00 and $762.00 respectively.
The testimony taken disclosed that as of the close of the fiscal year ending June 30,1973 the amount of $43,000 remained available to pay claims of this kind, but that by the time the claimants submitted their vouchers to the respondent for reimbursement, namely, October 1973, all of the said funds had been used to pay similar claims from other counties.
The respondent cited, as justification for his refusal to pay these claims, Section 17, Article 3, Chapter 12 (12-3-17) of the Code of West Virginia, which is in the following words:
“Except as provided in this section, it shall be unlawful for any state board, commission, officer or employee: (1) to incur any liability during any fiscal year which cannot be paid out of the *43 then current appropriation for such year, or out of funds received from an emergency appropriation; or (2) to authorize or to pay any account or bill incurred during any fiscal year out of the appropriation for the following year, unless a sufficient amount of the appropriation for the fiscal year during which the liability was incurred was cancelled by expiration or a sufficient amount of the appropriation remained unexpended at the end of the year.”
From the evidence it would appear that efforts to seek a deficiency appropriation from the Legislature to satisfy these claims were unsuccessful.
This Court in the case of Airkem Sales and Service et al v. Department of Mental Health, 8 Ct. Cl. 180, held that when an agency of the State purchased supplies in excess of the budgetary amount specified and appropriated for that fiscal year, there could be no recovery on such claims because of the illegality thereof as being in violation of the statutory law applicable thereto. However, this case is distinguishable from the Airkem case in that there was no illegality in the incurring of the obligations, because there was an apparently adequate appropriation in 1972-73 budget when the obligations were incurred in the spring of 1973. The question in this case is whether the delay in presenting the vouchers for reimbursement until the appropriated funds were expired cancelled the right of the claimants. The expiration of the funds, in our opinion, simply deprived the claimants of their immediate satisfaction or remedy of recovery, not the legality of the claims. The claims having been legally incurred should be paid, and, accordingly we hereby make the following awards:
Award of $18.00 to Archie Day, Sheriff, and Award of $762.00 to D. A. Wright, Sheriff.